[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11069
Non-Argument Calendar
_____

D.C. Docket No. 3:18-cr-00054-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KATADREW JAMON SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 8, 2020)

Before WILSON, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

Katadrew Smith appeals his conviction and 235-month sentence for being convicted as a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  He raises two arguments on appeal.  First, he argues that there was insufficient evidence to support his conviction because the evidence presented at the bench trial did not establish that he knowingly possessed a firearm and ammunition.  Second, he contends that the district court erred in concluding that § 401(a)(1) of the First Step Act (FSA), Pub. L. No. 115-391, 132 Stat. 5194 (2018), did not amend 18 U.S.C. § 924(e)(2)'s definition of a "serious drug offense" when it determined that two of his prior drug offenses were predicate felonies under the Armed Career Criminal Act (ACCA).  We disagree and affirm both his conviction and sentence.

## I.

We review a challenge to the sufficiency of the evidence de novo to determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt.  *United States v. Mercer*, 541 F.3d 1070, 1074 (11th Cir. 2008) (per curiam).  In doing so, we view the evidence in the light most favorable to the government and make all reasonable inferences and credibility choices in the government's favor.  *Id.*  "It is not our function to make credibility choices or to

pass upon the weight of the evidence." *United States v. Farley*, 607 F.3d 1294, 1333 (11th Cir. 2010). As such, a judgment will be sustained where there is a reasonable basis in the record for it, even where the district court, rather than a jury, acted as the trier of fact. *Id.*

To sustain a conviction for possession of a firearm or ammunition by a convicted felon, the government must prove that (1) the defendant knew that he was a convicted felon; (2) he was in knowing possession of a firearm or ammunition; and (3) the firearm or ammunition was in or affected interstate commerce. *See* 18 U.S.C. § 922(g)(1); *Rehaif v. United States*, 588 U.S. __, 139 S. Ct. 2191, 2194 (2019) (holding that the "knowingly" element for a conviction under §§ 922(g) and 924(a)(2) requires the government to prove "that the defendant knew he possessed a firearm and also that he knew he had the relevant status [e.g., felon] when he possessed it"). Smith only contests the sufficiency of the knowing-possession evidence.

Knowing possession can be actual or constructive. *United States v. Vereen*, 920 F.3d 1300, 1310 (11th Cir. 2019), *petition for cert. filed* (U.S. Oct. 25, 2019) (No. 19-6405). "To prove actual possession the evidence must show that the defendant either had physical possession of or personal dominion over the [firearm or ammunition]." *Id.* In contrast, constructive possession requires a showing that "the defendant exercised ownership, dominion, or control over the firearm [or

ammunition] or the [premises] concealing the firearm." *Id.* (second alteration in original).

Here, there was sufficient evidence to support Smith's conviction. Together, testimony from two law enforcement officers and three lay witnesses was sufficient to show that Smith actually and constructively possessed a firearm and ammunition. The two officers testified consistently about how they found Smith in a room with a gun close to him. One of the witnesses, Brooks, offered uncontroverted testimony that there was no gun in her room when she went to sleep, she let Smith into the room, and no one else had access to the room that night. Another witness, Brown, testified that Smith told him he had carried a gun into the apartment complex, took it into the room, and set it down there. Finally, Smith's mother testified that he told her that he had moved the gun. Thus, a reasonable jury could find that Smith actually possessed the gun and was guilty beyond a reasonable doubt. *See Mercer*, 541 F.3d at 1074.

## II.

We review the district court's interpretation of a statute de novo. *United States v. Zuniga-Arteaga*, 681 F.3d 1220, 1223 (11th Cir. 2012). The "starting point" of statutory interpretation is "the language of the statute itself." *Id.* Additionally, we consider the specific context in which the language at issue is used and the broader context of the statute as a whole. *Id.* "If this analysis reveals

that the provision has a plain and unambiguous meaning with regard to the particular dispute in the case and the statutory scheme is coherent and consistent, then our inquiry is complete." *Id.* (quotation marks omitted).

The FSA involves the implementation of assessments and programs that reduce recidivism, sentencing reform, and improvements to reentry of incarcerated people. Section 401, titled "Reduce and Restrict Enhanced Sentencing for Prior Drug Felonies," sets forth a number of amendments to the Controlled Substances Act (CSA) and Controlled Substances Import and Export Act. FSA § 401(a), (b). Subsection 401(a)(1) amends the CSA by defining its use of the term "serious drug felony" in part as an offense described in 18 U.S.C. § 924(e)(2), for which "the offender served a term of imprisonment of more than 12 months."

The ACCA provides that a defendant who has three prior convictions "for a violent felony or a serious drug offense, or both," is subject to a 180-month mandatory minimum sentence if he is convicted of being a felon in possession of a firearm. 18 U.S.C. § 924(e)(1). A "serious drug offense" is defined, in relevant part, as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

5

Here, the district court did not err in concluding that § 401(a)(1) of the FSA did not amend 18 U.S.C. § 924(e)(2)(A)(ii)'s definition of a "serious drug offense" because the plain and unambiguous language of § 401(a)(1) amends only the CSA. *See Zuniga-Arteaga*, 681 F.3d at 1223. Nothing indicates that Congress intended to replace the ACCA's separately defined term. And, contrary to Smith's argument, the rule of lenity does not apply here because the statutes are not ambiguous. *See United States v. Phifer*, 909 F.3d 372, 383–84 (11th Cir. 2018). The district court, therefore, correctly concluded that Smith's prior drug offenses that meet 18 U.S.C. § 924(e)(2)'s definition of a serious drug offense were predicate felonies under the ACCA. Accordingly, we affirm.

**AFFIRMED.**

6